T.C. Memo. 1997-481


UNITED STATES TAX COURT


JORGE ZAMORA-QUEZADA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5194-95.                    Filed October 27, 1997.


Jorge Zamora-Quezada, pro se.

<u>David B. Mora</u>, for respondent.


MEMORANDUM OPINION


LARO, <u>Judge</u>:  Jorge Zamora-Quezada petitioned the Court to redetermine respondent's determinations with respect to his 1988 through 1992 taxable years.  Respondent determined the following deficiencies and additions thereto:

|       |            | Additions to Tax | |
|-------|------------|------------------|----------|
| Year  | Deficiency | Sec. 6651(a) | Sec. 6654 |
| 1988  | $56,124    | $13,966      | $3,590    |
| 1989  | 33,575     | 8,394        | 2,270     |
| 1990  | 40,531     | 10,133       | 2,667     |
| 1991  | 100,185    | 25,046       | 2,589     |
| 1992  | 77,245     | 19,288       | 3,365     |

Following petitioner's concession that he is liable for the deficiencies determined by respondent, we must decide whether he is liable for the additions to tax as well. We hold he is. Unless otherwise noted, section references are to the Internal Revenue Code in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner resided in Guadalajara, Jalisco, Mexico, when he petitioned the Court.

Petitioner was in the United States on a student visa for approximately the 5-year period prior to 1988. During this period, he performed personal services in the United States as an employee, and Federal taxes were withheld from the corresponding paychecks that he received. His visa expired in 1988, and he continued to work and live in the United States from 1988 through 1992 without official residency status.

Petitioner earned income in the United States during each of the years from 1988 through 1992 performing services as a physician on an independent contractor basis. He worked in various medical facilities, most of which were located in or near Boston, Massachusetts. Many of these facilities issued petitioner a Form

1099-MISC, Miscellaneous Income, listing the amount of income that the issuer paid to him during the related year. The First National Bank of Boston also issued him a statement showing that it paid him $2,742 of interest income during 1989.

Petitioner did not file a Federal income tax return for any of the subject years.

### Discussion

Petitioner must prove respondent's determinations wrong in order to prevail. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Respondent determined that petitioner was liable for an addition to tax under section 6651(a) for each year in issue, because petitioner failed to file Federal income tax returns. In order to avoid this addition to tax, petitioner must prove that his failure to file was: (1) Due to reasonable cause, and (2) not due to willful neglect. Sec. 6651(a); Rule 142(a); United States v. Boyle, 469 U.S. 241, 245 (1985). Failure to file timely Federal income tax return is due to reasonable cause if the taxpayer exercised ordinary business care and prudence, and, nevertheless, was unable to file the return within the prescribed time. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect means a conscious, intentional failure or reckless indifference. United States v. Boyle, supra at 245.

Petitioner claims that he did not believe that he had to file Federal income tax returns for the subject years because he worked and lived in the United States as an illegal alien. We are

unpersuaded by this claim.  It is clear that the Federal income tax reaches income that is earned in the United States by an alien even if deemed a nonresident.  See secs. 61, 872, 7701(b); see also secs. 861(a)(1) and (3), 864(b).

Respondent also determined an addition to tax under section 6654 for each year in issue, asserting that petitioner failed to pay estimated tax.  This addition to tax is mandatory unless petitioner proves he met one of the exceptions contained in section 6654.  Recklitis v. Commissioner, 91 T.C. 874, 913 (1988). Petitioner has failed to do so.  Accordingly, we sustain respondent's determinations under section 6654.

To reflect the foregoing,

Decision will be entered for

respondent.